IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>PAUL AMA,<br><br>              Defendant. | AMENDED MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO POST-*JOHNSON* RESENTENCING REPORT<br><br>Case No. 2:11-CR-56 TS<br><br>District Judge Ted Stewart |

This matter is before the Court for consideration of Defendant's objections to the Post-*Johnson* Resentencing Report. For the reasons discussed below, the Court will overrule the objections.

I. BACKGROUND

On January 19, 2011, Defendant was charged with possession of methamphetamine with intent to distribute, possession of marijuana with intent to distribute, and felon in possession of a firearm. On March 18, 2011, the government filed an Information and Notice of Enhanced Punishment pursuant to 18 U.S.C. § 924(e)(1) and 21 U.S.C. § 841(b). The government asserted that Defendant was subject to enhanced penalties under the Armed Career Criminal Act ("ACCA") based on his previous convictions for assault on a federal officer or employee, assault by a prisoner, and attempted robbery. On December 8, 2011, Defendant pleaded guilty to felon in possession of a firearm. On March 6, 2012, Defendant was sentenced, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a term of 180 months in the custody of the Bureau of Prisons.

1

On October 13, 2015, Defendant filed a pro se motion under 28 U.S.C. § 2255, arguing that his sentence was unlawful in light of *Johnson v. United States*.[1] The Court denied Defendant's motion, finding that it was untimely and barred by the collateral appeal waiver in his plea agreement. Defendant, through counsel, sought to alter or amend the judgment. The Court granted the motion in part, but ultimately concluded that Defendant had three prior convictions for violent felonies under the ACCA.[2]

On Appeal, the Tenth Circuit Court of Appeals concluded that Defendant's prior conviction for assault on a federal officer did not qualify as a violent felony under the ACCA.[3] Accordingly, the court of appeals remanded the case to this Court with instructions to vacate Defendant's sentence and resentence him consistent with that opinion and the statutory maximum sentence of ten years.[4] The Court of Appeals, however, did not consider whether Defendant's other convictions were violent felonies under the ACCA.[5]

The Court vacated Defendant's sentencing and a resentencing report was ordered. The Post-*Johnson* Resentencing Report placed Defendant's base offense level at a 24 based on Defendant committing the instant offense subsequent to sustaining at least two felony convictions of a crime of violence based on his convictions for assault by a prisoner and attempted robbery. After receiving a 2-level enhancement for the firearm being stolen and a 3-level reduction for acceptance of responsibility, Defendant has a total offense level of 23. With a

---

[1] 135 S. Ct. 2551 (2015).

[2] *Ama v. United States*, 149 F. Supp. 3d 1323 (D. Utah 2016).

[3] *United States v. Ama*, 684 F. App'x 736, 739–42 (10th Cir. 2017).

[4] *Id.* at 742.

[5] *Id.*

criminal history category of VI, the Post-*Johnson* Resentencing Report determined that Defendant's guideline range is 92 to 115 months.

## II.  DISCUSSION

Defendant argues that his prior convictions for assault by a prisoner and attempted robbery should not be considered crimes of violence.

A.  ASSAULT BY A PRISONER

The Court previously determined that Defendant's 1992 assault by a prisoner was a violent felony under the ACCA.  Defendant does not provide any reason for the Court to revisit this determination, but instead "renews his objection only to preserve the issue for further appeal."[6]  The Court notes Defendant's objections, but concludes that Defendant's conviction is properly classified as a crime of violence under the Guidelines.[7]

B.  ATTEMPTED ROBBERY

The Court also previously determined that Defendant's 2000 conviction for attempted robbery was a violent felony under the ACCA.  Defendant argues that this conclusion cannot stand in light of a recent decision from the Tenth Circuit, *United States v. O'Connor*.[8]

In *O'Connor*, the Tenth Circuit held that Hobbs Act robbery does not constitute a crime of violence because it could be accomplished by threats to property.[9]  The court reached this conclusion based on the language of the Hobbs Act.

---

[6] Docket No. 215, at 1.

[7] Though the Court's previous ruling was based on finding the offense was a violent felony under the ACCA, not the Guidelines, both use similar language to determine what constitutes a violent crime.  *See United States v. Ramon Silva*, 608 F.3d 663, 671 (10th Cir. 2010).  Thus, the Court can look to precedent under one provision for guidance under the other. *Id.*

[8] 874 F.3d 1147 (10th Cir. 2017).

3

The Hobbs Act states:

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.[10]

The statute defines robbery as:

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.[11]

Reading these provisions together, the court concluded that Hobbs Act robbery could be committed "by means of actual or threatened force to another's person *or* property."[12] Because "Hobbs Act robbery encompasses force or threat of force to property" it "exceeds the generic robbery definition" and, therefore, cannot categorically be a crime of violence.[13] Further, "[b]ecause Hobbs Act robbery criminalizes conduct involving threats to property, it does not qualify as a crime of violence under the Guidelines' force clause."[14]

Defendant argues that Utah's robbery statute is similarly overbroad. The Court disagrees. Unlike the Hobbs Act, Utah's robbery statute does not contain a provision that specifically

---

[9] *Id.* at 1158.

[10] 18 U.S.C. § 1951(a).

[11] *Id.* § 1951(b)(1).

[12] *O'Connor*, 874 F.3d at 1150–51.

[13] *Id.* at 1154, 1158.

[14] *Id.* at 1158.

allows for robbery by force or threats of force against property. At the time of his conviction, Utah's robbery statute provided that a person commits robbery if:

> (a) the person unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, accomplished by means of force or fear; or
> (b) the person intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft.[15]

Defendant argues that the fear element of the statute is not limited to the fear that force will be used against another, making the statute overbroad for the same reasons set out in *O'Connor*. Defendant points to no authority from Utah courts to support his reading of the statute. While there is no explicit case law on point, cases from both the Utah Supreme Court and Utah Court of Appeals strongly suggest that the fear of force must be the fear of force directed against a person.

In *State v. Colonna*,[16] the Utah Supreme Court examined whether a defense of entrapment was available for a charge of aggravated robbery. Under a Utah statute, a defense of entrapment was unavailable where causing or threatening bodily injury was an element of the offense charged. The defendant argued that his charge of aggravated robbery did not require threats of bodily injury as an element of the offense.[17]

The court rejected this argument. The court noted that "the legal definition of simple robbery denotes that the threat of force or fear is present."[18] The court held that "[t]he crime of

---

[15] Utah Code Ann. § 76–6–301(1) (1999).

[16] 766 P.2d 1062 (Utah 1988).

[17] The aggravated robbery statute at issue in *Colonna* required the commission of a robbery using "a firearm or a facsimile of a firearm, knife or a facsimile of a knife or a deadly weapon." *Id.* at 1065 (quoting Utah Code Ann. § 76-6-302(1) (1978)).

[18] *Id.*

5

aggravated robbery includes by implication the existence of a threat of injury."[19] "The commission of robbery using a firearm necessarily implies a threat of bodily injury to the victim" and, thus, "the threat of bodily injury is a necessarily implied element of an aggravated robbery charge."[20]

Defendant is correct that *Colonna* addressed a specific portion of Utah's aggravated robbery statute, not the simple robbery statute at issue here. However, the only difference between the statutes is that the use of a weapon makes the robbery aggravated. Defendant argues that the additional element requiring the use of a weapon drives the result in *Colonna*, but there is limited support for that argument.[21] Defendant points out that the *Colonna* court was careful to limit its discussion to aggravated robberies involving weapons. However, the court in *Colonna* was only tasked with determining whether this particular provision of Utah's aggravated assault statue had as an element a threat of bodily injury. Thus, it makes sense that the court would limit its discussion to the relevant portion of the statute. The Court cannot read the careful crafting of the language of the decision as a suggestion that some robberies can be committed without the threat of bodily injury.

Following *Colonna*, the Utah Court of Appeals issued its decision in *State v. Irvin*.[22] In *Irvin*, the court addressed whether two aggravated robbery convictions should have been merged. There, the defendant was charged with two aggravated robberies based on his robbery of a

---

[19] *Id.*

[20] *Id.*

[21] Defendant points to *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016), to support his argument that courts draw distinctions between armed offenses and unarmed offenses. While true, it does not resolve the question presented here.

[22] 169 P.3d 798 (Utah Ct. App. 2007).

convenience store and his theft of a car from the store clerk. The state argued that the two convictions should not be merged because the stolen property belonged to two victims: the convenience store and the clerk. The court rejected this argument stating that "because robbery requires that the victim suffer force or fear, it follows that only [the clerk], and not [the convenience store], could be a robbery victim."[23] In support of this statement, the Utah Court of Appeals cited *Colonna* and a section of American Jurisprudence, which stated that "[t]he 'fear' constituting an element of robbery is the fear of present personal peril from violence offered or impending. It must be a fear of bodily danger or impending peril to the person, which intimidates and promotes submission to the theft of the property."[24]

Defendant is again correct that this case does not directly address the issue presented here. But this case does lend support for the notion that under Utah law, the fear required must be fear of bodily injury, not injury to property. This result is consistent with other authorities.[25] While Defendant points to other states that have robbery statutes that are interpreted more broadly, he has failed to show that there is a "realistic probability" that Utah courts would interpret the Utah statute similarly.[26] Based upon this, the Court concludes that Defendant's attempted robbery conviction is properly classified as a crime of violence and the offense level in the Post-*Johnson* Resentencing Report is correct.

---

[23] *Id.* at 801.

[24] *Id.* (quoting 67 Am. Jur. 2d. Robbery § 21 (2003)).

[25] *United States v. Castillo*, 811 F.3d 342, 346 (10th Cir. 2015) (quoting 3 Wayne R. LaFave, Substantive Criminal Law § 20.3(d)(2) (2d ed. 2003) ("'The commonest sort of fear in robbery, of course, is the fear, engendered by the robber's intentional threat, of immediate bodily injury or death' to the property owner, a family member, or another in the property owner's presence.").

[26] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's objections are OVERRULED.  With all objections having been resolved, the parties should focus their arguments at the sentencing hearing on the factors set out in 18 U.S.C. § 3553(a).

DATED this 6th day of March, 2018.

BY THE COURT:

Ted Stewart
United States District Judge